Karen C. Joynt (SBN 206332)
Joynt Law
225 S. Lake Ave., Suite 300
Pasadena, CA 91101
Telephone: (213) 277-7072
kjoynt@joyntlaw.com

Attorney for Defendant
COUNTY OF LOS ANGELES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONECIA AUGUSTUS, an individual; and MARK AUGUSTUS, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES; WILLIAM SPILLER, Jr., in his individual and official capacity; SHAUNTA MONTGOMERY, in her individual and de-facto official capacity; HON. GUS TO. MAY in his official capacity only; HON. MICHAEL C. SMALL in his official capacity only; and DOES 1-10, <br><br> Defendants. | Case No.:  2:20-cv-11255 FLA (RAO) <br><br> DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM; MEMORANDUM IN SUPPORT <br><br> Date:          March 26, 2021 <br> Time:          1:30 p.m. <br> Courtroom:   6B |

TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that at the above date, time, and room or soon thereafter as the matter may be heard, in the above-captioned court located at 350

W. First Street, Los Angeles, California 90012, Defendant County of Los Angeles will move this Court to dismiss counts one (1) though three (3) of Plaintiffs' Complaint (Dkt. Entry 3) for the following reasons:

(1) Defendant County of Los Angeles was in no way involved in Plaintiffs' suit in that Defendant did not remove the minor child from Plaintiffs' custody and did not participate in hearings when the Probate court granted guardianship; (2) Defendant County of Los Angeles and Co-Defendants Shaunta Montgomery and William Spiller, Jr. are not joint state actors; (3) collateral estoppel bars Plaintiffs' suit; and (4) the statute of limitation precludes prosecution of any allegations prior to December 11, 2018.

Counts four (4) through seven (7) of Plaintiffs' Complaint are alleged against defendants other than County of Los Angeles.  These counts are not at issue in this motion and are therefore not discussed herein.

This motion is made after satisfying the terms for Rule 7-3.  The parties have met and conferred on the issues included in this motion on February 8, 2021 and again on February 12, 2021.  These meetings occurred after the issues were presented to Plaintiffs in writing by Defendant County of Los Angeles.  The issues not resolved by these meetings are presented in this motion.

This motion will be based on this notice of the motion, the memorandum of points and authorities, and other pleadings and papers filed in this action.

DATED: February 19, 2021                          Respectfully Submitted,
                                                  JOYNT LAW

                                                  */s/ Karen C. Joynt*
                                                  _____

                                                  Karen Joynt
                                                  Attorney for Defendant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………… 4

I.   INTRODUCTION……………………………………………… 6

II.   STATEMENT OF FACTS…………………………………….. 6

A. Summary of Objective Facts……………………………………… 6

B. Plaintiffs' Allegations…………………………………………… 7

III.   STANDARD FOR A MOTION TO DISMISS………………………… 8

IV.   DISCUSSION………………………………………………… 9

A. Defendant County of Los Angeles Played No Role in Plaintiffs'

Suit………………………………………………………………9

    1.   The minor child was not removed…………………… 10

    2.   Plaintiffs' allegations that Title IV funding was at issue

      is not supported……………………………………… 10

B. Defendant County of Los Angeles and Co-Defendants Montgomery

and Spiller Are Not Joint State Actors…………………………… 11

C. Collateral Estoppel Precludes Plaintiffs from Relitigating Issues

Argued and Decided in Prior Proceedings………………………… 14

D. The Statute of Limitations Precludes Prosecution of Any Allegation

Prior to December 11, 2018……………………………………… 15

V.   CONCLUSION…………………………………………………16

DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PURSUANT TO FRCP 12(B)

1

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................... 9

*Balistreri v. Pacifica Police Department*, 901 F.2d 696 (9th Cir.1990).................. 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................... 8

*Blum v. Yaretsky*. 457 U.S. 991 (1982) ....................................................12, 13, 14

*Cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001)
......................................................................................................13, 14

*Diruzza v. City of Tehama,* 323 F.3d 1147 (9th Cir.2003).....................................15

*Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263 (11th
Cir.2003)...............................................................................12, 13, 14

*Jackson v. Metro Edison Co.,* 419 U.S. 345 (1974)...............................................12

*Lockett v. Ericson* 656 F.3d 892 (9th Cir.2011)....................................................15

*Lugar v. Edmondson Oil Co, Inc.,* 457 U.S. 922 (1982)........................................14

*McCutchen v. City of Montclair,* 73 Cal.App.4th 1138 (1999) ...........................15

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir.2009)........................................ 9

*National Broad. Co., Inc. ("NBC") v. Communications Workers of Am., AFL-CIO,*
860 F.2d 1022 (11th Cir.1988) ....................................................12, 13

*Owens v. Okure*, 488 U.S. 235 (1989)...............................................................16

*PBGC v. White Consolidated Industries, Inc.*, 998 F.2d 1192 (3rd Cir.1993)......... 8

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341 (11th Cir.2001) .....................13

*Willis v. Univ. Health Servs., Inc.*, 993 F.23 837 (11th Cir.1993).........................12

*Wilson v. Garcia*, 471 U.S. 261 (1985) ................................................................16

**Statutes**

42 U.S.C. § 672 ...............................................................................................11

42 U.S.C. § 1988...............................................................................................15

42 U.S.C § 1983............................................................................6, 8, 9, 11, 15

DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PURSUANT TO FRCP 12(B)

Cal. Gov't. Code, § 945.6(a) ......................................................................15

Title IV-E of the Social Security Act ................................................10, 11

**Rules**

FRCP 12(b)(6) ............................................................................................ 8

FRCP 8 ...................................................................................................... 9

DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PURSUANT TO FRCP 12(B)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant County of Los Angeles, hereinafter "Defendant," hereby moves this Court to dismiss counts one (1) through three (3) of the operative complaint filed by Donecia Augustus and Mark Augustus (collectively "Plaintiffs").  (Dkt. Entry 3).  Plaintiffs have brought this action against Defendant County of Los Angeles for money damages for (1) 42 USC §1983 – Right to Family (Due Process); (2) 42 USC §1983 – Right to Family (Equal Protection); and (3) 42 USC §1983 – Conspiracy to Violate Civil Rights.

Defendant respectfully asks this Court to dismiss counts one (1) through three (3) of Plaintiffs' Complaint for several reasons: (1) Defendant County of Los Angeles was in no way involved in Plaintiffs' suit in that Defendant did not remove the minor child from Plaintiffs' custody and did not participate in hearings when the Probate court granted guardianship; (2) Defendant County of Los Angeles and Co-Defendants Shaunta Montgomery and William Spiller, Jr. are not joint state actors; (3) collateral estoppel bars Plaintiffs' suit; and (4) the statute of limitation precludes prosecution of any allegations prior to December 11, 2018.

## II.   STATEMENT OF FACTS

### A. Summary of Objective Facts

In 2018, Plaintiffs' minor child alleged her father, Mark Augustus, had sexually molested her "seven years prior," and that her mother, Donecia Augustus, had failed to protect her from her father.  (Complaint, ¶ 23; Plaintiffs' Complaint, Exh. B, 12:6-13; Plaintiffs' Complaint, Exh. E, 36:18-0).  In June 2018, without court or the Department of Children and Family Services ("DCFS") direction or intervention, the minor child left the Plaintiffs and began living with her aunt, Co-Defendant Shaunta Montgomery.  (Plaintiff's Complaint, Exh. B, 9:22-24, 12:17-28).  On October 23, 2018, Co-Defendant Montgomery applied for guardianship of

the minor in Probate Court.  (Plaintiff's Complaint, Exh. G).  On or about December 11, 2018, Co-Defendant Honorable Judge Gus T. May awarded Co-Defendant Montgomery temporary guardianship of Plaintiffs' minor child. (Complaint, ¶ 2; Plaintiff's Complaint, Exh. A).  Later, on May 13, 2019, Co-Defendant Honorable Judge Michael C. Small awarded Co-Defendant Montgomery the minor child's full permanent guardianship based on the Court Investigator Report and the minor's counsel report.  (Plaintiff's Complaint, Exh. E, 34:19-35:16).  Co-Defendant Honorable Judge Small specifically noted "the minor's lack of trust, the minor's desire to stay with her aunt, have her aunt be her guardian, and not return to the parents even if the allegations [against her father] are not true."  (Plaintiff's Complaint, Exh. E, 35:2-4).

### B. Plaintiffs' Allegations

Most of Plaintiffs' Complaint refers to a December 11, 2018 hearing before Co-Defendant Honorable Judge May.  Plaintiffs allege that the order of Temporary Guardianship that was issued on December 11, 2018 by Co-Defendant Honorable Judge May was completely without merit and was made at a "secret unnoticed hearing."  (Complaint, ¶ 1).  Plaintiffs complain that Judge May did not consider a DCFS report which had been ordered at the previous court date.  (Plaintiffs' Complaint, Exh.B, 13:28-14:1).  Plaintiffs allege that the DCFS report "exonerate[d]" Plaintiffs and was known to Co-Defendants Montgomery and Spiller who concealed its contents from the court.  (Complaint, ¶ 2; ¶ 60-61). According to Plaintiffs, Co-Defendants Montgomery, "an open lesbian desperate for a child," and Spiller, "a soulless conman desirous of money," fraudulently concealed the contents of the DCFS report from the court, despite admitting on the record that it had been obtained.  (Complaint, ¶ 3).

DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PURSUANT TO FRCP 12(B)

Plaintiffs allegations against the County of Los Angeles are unclear and difficult to recapitulate.  Knowing that no County employee was involved in the December 11, 2018, court hearing, Plaintiffs appear to allege that the County:

1) Conspired with Co-Defendant Montgomery in October 2018 to defraud the legal process for so that the County could receive Title IV funding (Complaint, ¶ 22);

2) Was a Joint Actor with Co-Defendants Spiller and Montgomery when they concealed the existence of the "exculpatory" report.  (Complaint, ¶¶ 60-61).

3) Without any facts, details, or dates, had a policy to defraud the system to enrich themselves based on systemic racism.  (Complaint, ¶¶ 78-79); and

4) In a cause of action entitled "§ 1983 – Damages," conspired with Co-Defendants Montgomery and Spiller to "create a false pretext on which to seize [the minor child]."  (Complaint, ¶ 86).

Plaintiffs' claims against the County are baseless and should be dismissed.

## III.   STANDARD FOR A MOTION TO DISMISS

In evaluating a Federal Rule of Procedure ("FRCP") 12(b)(6) motion to dismiss for failure to state a claim, a court must only consider the complaint, the exhibits attached thereof, matters of public record, and indisputably authentic documents if the complainant's claims are based upon those documents.  *PBGC v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993).

FRCP 12(b)(6) provides that a motion to dismiss a complaint may be filed for "failure to state a claim upon which relief can be granted."  Such a motion is granted where a plaintiff fails to plead a cognizable legal theory or fails to plead sufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  In other words, the complaint must contain facts enough to raise the right to relief "above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009), the Supreme Court of the United States held that while the pleading standard in a complaint does not require "detailed factual allegations," it nonetheless requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  The Court added that a pleading that only offers "labels and conclusions or a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" does not meet the requirements of Rule 8.  *Id*.  Note that the notion that a court must accept all allegations contained in a complaint as true does not apply to legal conclusions. *Id*.  Further, for a complaint to survive a motion to dismiss, it must state a plausible claim for relief.  *Id*. at 670.  When the plaintiff pleads factual content that permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct, then the claim can be said to have facial plausibility.  *Id*. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*.  Therefore, this plausibility standard is distinct from a probability requirement in that "it asks for more than a sheer possibility" that a defendant has committed an alleged misconduct.  *Id*.  In sum, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## IV.    DISCUSSION

### A. Defendant County Played No Role in Plaintiffs' Suit

Plaintiffs' allegations against the County are vague and uncertain.  Even after meeting and conferring, Plaintiffs do not identify any specific County Department or employee, even unnamed or as a Doe Defendant, whom they claim participated or is liable for alleged violations.  Instead, Plaintiffs casually refer to the "County" throughout their Complaint with no specifics and then argue that Co-

Defendants Spiller and Montgomery are joint actors.  To be clear, Co-Defendant William Spiller is not a County employee.  (Exhibit 1, 2, and 3 to Defendant County of Los Angeles' Request for Judicial Notice, filed concurrently herewith.)  Co-Defendant Shaunta Montgomery is not a County employee.  (Complaint, ¶¶ 15, 35).

### 1.    The Minor Child Was Not Removed by DCFS

Plaintiffs do not allege the minor child was removed by DCFS or other County agency.  Instead, Plaintiffs allege that in June 2018, the minor child left Plaintiffs' home to live with her aunt, Defendant Shaunta Montgomery.  (Plaintiffs' Complaint, Exh. B, 9:22-24, 12:17-28).  During the October 30, 2018 hearing for guardianship of Plaintiffs' minor child, the court ordered DCFS to perform an investigation.  (Plaintiffs' Complaint, Exh. B, 13:28-14:1).  DCFS found the "the allegation of child abuse and/or neglect was inconclusive" and closed the referral against Mark Augustus. (Plaintiffs' Complaint, Exh. C).

Thereafter, on December 11, 2018, Co-Defendant Honorable Judge Gus T. May awarded Co-Defendant Montgomery temporary guardianship of Plaintiffs' minor child.  (Complaint, ¶ 2; Plaintiffs' Complaint, Exh. A).  Later, on May 13, 2019, Co-Defendant Honorable Judge Michael C. Small awarded Co-Defendant Montgomery the minor child's permanent guardianship.  (Plaintiffs' Complaint, Exh. E, 34:19-35:16).  In his ruling, Judge Small considered "the minor's lack of trust, the minor's desire to stay with her aunt, have her aunt be her guardian, and not return to the parents even if the allegations [against her father] are not true."  (Plaintiff's Complaint, Exh. E, 35:2-4).

### 2.    Plaintiffs' Allegations That Title IV Funding Was at Issue is Not Supported.

Plaintiffs allege that Defendant County of Los Angeles has a "policy of permitting false and fraudulent representations to be made to a court of law as a

pretext for seizing children, so as to obtain federal funds under Title IV." (Complaint, ¶ 13).  Plaintiffs do not provide further citation.

Defendant County of Los Angeles suspects that Plaintiffs are referring to Title IV-E of the Social Security Act (42 U.S.C. §§ 671-679(b)), which provides for federal reimbursement for a portion of the maintenance and administrative costs of foster care for children who meet specified federal eligibility requirements. The Foster Care Maintenance Payments Program, 42 U.S.C. § 672, provides for government funding for "foster care maintenance payments on behalf of each child who has been removed from the home of a relative specified in section 606(a) of this title into foster care."  42 U.S.C. § 672(a)(1).  However, Plaintiffs concede that the child was not removed from Plaintiffs; in fact, Plaintiffs' Complaint is clear that the minor child left voluntarily and then Co-Defendant Montgomery was ordered guardianship by the Probate court after a petition and subsequent hearings despite the fact that the DCFS investigation was inconclusive. (Plaintiffs' Complaint, Exh. B, 9:22-24, 12:17-28; Plaintiffs' Complaint, Exh. G; Plaintiffs' Complaint, Exh. A; Plaintiffs' Complaint, Exh. C).  Therefore, Plaintiffs argument that 42 U.S.C. § 672 and Title IV funding are at issue is misplaced.

## B. Defendant County of Los Angeles and Co-Defendants Montgomery and Spiller Are Not Joint State Actors.

Next, Defendant County of Los Angeles is not the employer of any of the named defendants in this action, including Ms. Montgomery and Mr. Spiller. Knowing this, Plaintiffs attempt to connect the defendants through the "joint action test."  This is misplaced.

In order to state a claim for relief in an action brought pursuant to 42 U.S.C. § 1983, Plaintiffs must establish that they were "deprived of a right secured by the Constitution of the United Sates, and that the alleged deprivation was committed under color of state law."  *Focus on the Family v. Pinellas Suncoast Transit*

*Authority*, 344 F.3d 1263, 1277 (11th Cir.2003).  One of the three distinct tests employed in determining whether the actions of a private entity are properly attributed to the state is the nexus/joint action test.  *Id.*

The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Id.* (quoting *Willis v. Univ. Health Servs., Inc.*, 993 F.23 837, 840 (11th Cir.1993); *National Broad. Co., Inc. ("NBC") v. Communications Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026-27 (11th Cir.1988)).  In order to hold a public entity liable for private conduct under the joint action test, "the complaining party must … show that 'there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.'" *Blum v. Yaretsky*. 457 U.S. 991, 1004 (1982) (quoting *Jackson v. Metro Edison Co.,* 419 U.S. 345, 351 (1974)).  This is to ensure that "constitutional standards are invoked only when it can be said that the state is responsible for the specific conduct for which the plaintiff complains." *Focus, supra*, 344 F.3d at p. 1277.  This is essential because the plaintiff is seeking to hold a government entity liable for the conduct of a private party. *Id.* at 1278.  Importantly, "a state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state." *Id.* (quoting *Blum, supra*, 457 U.S. at p. 1004).  Further, "mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the state responsible for those initiatives under the Fourteenth Amendment." *Id.* (quoting *Blum* at pp. 1004-05).  Moreover, under the joint action test, "the governmental body and private party must be intertwined in a symbiotic relationship." *Focus,* at p. 1278.  This symbiotic relationship must involve "the specific conduct of which the plaintiff

complains." *Id.*; *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001) (quoting *NBC, supra*, 860 F.2d at pp. 1026-27) (other citations omitted). Note that the mere fact that "a private actor contracts with a governmental entity does not mean that every action taken by the private actor can be attributed to the government." *Focus*, at p. 1278.  However, if, for instance, the state "contractually requires the private actor to take particular actions – e.g., to reject proposed advertisements under certain specifically delineated circumstances – then it can be said that in acting in accordance with the governmental directive, the private actor is merely a surrogate for the state, and the tie between them is sufficiently strong for the joint action test to be satisfied." *Cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 297-98 (2001).

Here, similar to *Focus* and *Blum*, we ask whether Defendant County of Los Angeles has so far insinuated itself into a position of interdependence with Co-Defendants Montgomery and Spiller to the point where it was a joint participant in the enterprise.  In order to hold Defendant County liable for Co-Defendants Montgomery and Spiller's private conduct under the joint action test, Plaintiffs must show that there is a sufficiently close nexus between the County and the conduct of the aforementioned Co-Defendants so that Co-Defendants' conduct may be treated as that of the County itself.  *Blum, supra,* 457 U.S. at p. 1004.  The importance of this requirement is to insure that the County is responsible for the specific conduct for which Plaintiffs complain.  *Focus, supra,* 344 F.3d at p. 1277.  Here, Plaintiffs are seeking to hold Defendant County, a public municipality, liable for the conduct of two private individuals.  However, Plaintiffs have failed to plead sufficient facts to show that the County "exercised coercive power" or that it provided such" significant encouragement," making it the main decisionmaker.  *Blum, supra*, at p. 1004.  Here, County was not involved at all in the removal of the minor child or in the two Co-Defendant judges' decision in granting temporary and

then permanent guardianship to Ms. Montgomery.  However, even if it was involved, its mere approval or acquiescence in the initiatives of Ms. Montgomery or Mr. Spiller would not be sufficient to justify holding the County responsible. *Id.* at pp. 1004-1005.

Further, even if Co-Defendant Spiller had a contract with the County, which is not supported (see attached hereto as Exhibits 1, 2, and 3 to Defendant County of Los Angeles' Request for Judicial Notice, filed concurrently herewith), the mere fact that he had a contract with the County does not mean that every action taken by Mr. Spiller can be attributed to the County.  *Focus, supra*, at p. 1278. Moreover, Plaintiffs have failed to show that the County "contractually required" Mr. Spiller to take "particular actions." *Id.*  Therefore, there is no tie between the County and Co-Defendants, and even if there was a tie, it would not be sufficiently strong for the joint action test to be satisfied. *Cf. Brentwood Acad., supra*, 531 U.S. at pp. 297-98.

In short, Plaintiffs need to allege sufficient facts to show that the County and Co-Defendants Montgomery and Spiller were intertwined in a symbiotic relationship.  Plaintiffs have failed to allege any facts even remotely connecting Defendant County with Co-Defendants Montgomery and Spiller.  The joint action test requires that the party "is a willful participant in joint activity." *Lugar v. Edmondson Oil Co, Inc.,* 457 U.S. 922, 941 (1982).  Plaintiffs have not and cannot allege facts to demonstrate Defendant County and Co-Defendants have either this intent or this relationship.

### C. Collateral Estoppel Precludes Plaintiffs from Relitigating Issues Argued and Decided in Prior Proceedings.

It appears that Plaintiffs are challenging the rulings made by Co-Defendants Honorable Judges May and Small.  As mentioned above, these decisions did not involve any County employees.  To the extent Plaintiffs claim the County injured

Plaintiffs by or related to these rulings, Defendant County of Los Angeles moves to dismiss under a theory of collateral estoppel. Collateral estoppel "precludes relitigation of issues argued and decided in prior proceedings." *Diruzza v. City of Tehama,* 323 F.3d 1147, 1152 (9th Cir.2003). Collateral estoppel applies if 1) the issue necessarily decided at a previous proceeding is identical to that which is sought to be relitigated; 2) the issues was actually litigated and decided; 3) the previous trial resulted in a final judgment on the merits; and 4) the party against who collateral estoppel is asserted was a party or in privity with a party at the prior trial. *McCutchen v. City of Montclair,* 73 Cal.App.4th 1138, 1144(1999); *Lockett v. Ericson* 656 F.3d 892, 897 (9th Cir.2011). These factors apply to Plaintiffs and the allegations in their current suit.

First, Co-Defendant Montgomery was awarded the minor's temporary guardianship on December 11, 2018 by Co-defendant Honorable Judge May, and then was awarded the minor's permanent guardianship on May 13, 2019 by Co-Defendant Honorable Judge Small. (Plaintiffs' Complaint, Exh. A and E). Plaintiffs had the notice and opportunity to present their case to the court, as they did. The court had all the information it needed in order to make a decision, as it did. Therefore, the issue Plaintiffs present here has already been litigated at a previous proceeding in Probate Court. Further, the court made a final judgment on the merits of the matter when it granted Co-Defendant Montgomery the minor's temporary guardianship on December 11, 2018 and then the minor's permanent guardianship on May 13, 2019. Moreover, Plaintiffs were a party to the Probate Court matter as the parents of the minor. Consequently, all four elements of collateral estoppel are met in this case, and therefore, Plaintiffs' suit against the County is barred by this doctrine.

### D. The Statute of Limitations Precludes Prosecution for Any Allegations Prior to December 11, 2018.

Although 42 U.S.C. § 1983 does not provide for a specific statute of limitations, when Congress has not established a time limitation for a federal cause of action, the settled approach is to "adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." 42 U.S.C. §1988; *Wilson v. Garcia*, 471 U.S. 261, 267 (1985). Further, the Supreme Court of the United States has held that in the interests of national uniformity and predictability, all section 1983 claims must be treated as tort claims for the recovery of personal injuries. *Wilson, supra,* 471 U.S. at 276. Moreover, if the state has various statutes of limitation for different intentional torts, then it is mandated that the state's general or residual personal injury statute of limitations should apply. *Owens v. Okure*, 488 U.S. 235, 250 (1989). In California, the statute of limitations to bring a section 1983 claim against a public entity is 2 years. *Cal. Gov't. Code, §* 945.6(a). Therefore, California's statute of limitations precludes litigation of any allegations by Plaintiffs for conduct that occurred prior to December 11, 2018.

## V.   CONCLUSION

For all the aforementioned reasons, Defendant County of Los Angeles respectfully asks this Court to grant its motion to dismiss for failure to state a claim upon which relief can be granted as to counts one (1) though three (3) of Plaintiffs' Complaint, with prejudice.


DATED: February 19, 2021                    Respectfully submitted,

                                            **JOYNT LAW**

                                            */s/ Karen Joynt*
                                            Karen Joynt
                                            Attorney for Defendant
                                            County of Los Angeles

# PROOF OF SERVICE

STATE OF CALIFORNIA                    ] ss.
COUNTY OF LOS ANGELES:          ]

I, the undersigned, hereby declare that:

I am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action.  The business address is **225 S. Lake Ave, Suite 300, Pasadena, CA 91101**.

On <u>February 19, 2021,</u> I served the following document described as:
**DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM IN SUPPORT** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

## METHOD OF SERVICE

[X]    [ELECTRONIC]- by transmitting via electronic mail the document(s) listed above to the following e-mail addresses set forth below as registered with the court's case management electronic court filing system.

[]    [BY U.S. MAIL]-
        by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, with the United States Postal Service.

[ ]    by placing the sealed envelope or package for collection and mailing, with postage fully prepaid, following our ordinary business practice of this office for the collection, processing and mailing of documents.  On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

I declare that I am a member of the bar of this court or that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 19, 2021 at Los Angeles, California.

**Paniz Hayati Rezvan**                          */s/ Paniz Hayati Rezvan*
_____          _____

DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PURSUANT TO FRCP 12(B)

1

## <u>**SERVICE LIST**</u>

2

3

G. Scott Sobel
Law Office of G. Scott Sobel

4

1180 South Beverly Drive, Suite 610

5

Los Angeles, CA 90035
Telephone: (310) 422-7067

6

Fax: (888) 863-5630

7

Email: gscottsobel@gmail.com

8

Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PURSUANT TO FRCP 12(B)