Karen C. Joynt (SBN 206332)
Joynt Law
225 S. Lake Ave., Suite 300
Pasadena, CA 91101
Telephone: (213) 277-7072
kjoynt@joyntlaw.com

Attorney for Defendant
COUNTY OF LOS ANGELES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONECIA AUGUSTUS, an individual; and MARK AUGUSTUS, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; WILLIAM SPILLER, Jr., in his individual and official capacity; SHAUNTA MONTGOMERY, in her individual and de-facto official capacity; HON. GUS TO. MAY in his official capacity only; HON. MICHAEL C. SMALL in his official capacity only; and DOES 1-10,<br><br>Defendants. | Case No.: 2:20-cv-11255 FLA (RAO)<br><br>**DEFENDANT COUNTY OF LOS ANGELES' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM; MEMORANDUM IN SUPPORT**<br><br>**Date: March 26, 2021**<br>**Time: 1:30 p.m.**<br>**Courtroom: 6B** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. DISCUSSION .......... 1

A. Plaintiffs Have Not Sufficiently Pled Participation by Any County Employee .......... 1

1. Plaintiffs Cannot Rely Solely on Burdensome Discovery .......... 5

2. Plaintiffs' Complaint Does Not Sufficiently Demonstrate a Relationship Between Defendant County and Defendant William Spiller .......... 8

B. Plaintiffs Were Entitled to Amend and Did Not .......... 9

C. Plaintiffs' Counsel Failed to Meet and Confer Thoroughly .......... 9

III. CONCLUSION .......... 10

PROOF OF SERVICE .......... 11

# TABLE OF AUTHORITIES

**Cases**

*Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F.Supp.2d 986 (N.D.III 2003) ........ 7

*Ashcroft v. Iqbal*, 556 U.S.662 (2009) ........ 2, 5, 9

*Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519 (1983) ........ 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 2, 3, 4, 5, 7, 9

*Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723 (1975) ........ 8

*Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101 (C.A.7 1984) ........ 7

*Cf. DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53 (C.A.1 1999) ........ 3

*Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643 (D.Hawaii 1953) ........ 7

*Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) ........ 7, 8

*Papasan v. Allain*, 478 U.S. 265 (1986) ........ 2

**Statutes**

42 U.S.C. §1983 ........ 1

Title IV ........ 6, 8, 9

**Other Authorities**

5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed.2004) ........ 2

Memorandum from Paul V. Niemeyer, Chair, Advisory Committee on Civil Rules, to Hon. Anthony J. Scirica, Chair, Committee on Rules of Practice and Procedure (May 11, 1999), 192 F.R.D. 354 (2000) ........ 7

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........ 1, 9

Federal Rule of Civil Procedure 15 ........ 9

Federal Rule of Civil Procedure 8 ........ 1, 3, 6, 9

Local Rule 7-3 ........ 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On March 5, 2021, Plaintiffs filed their Opposition to Defendant County of Los Angeles' ("Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure[1] 12(b)(6). Defendant now files this Reply addressing Plaintiffs' arguments. Based upon its motion to dismiss, this Reply, and all other documents available in Court's file, Defendant respectfully requests this Court to eliminate the improper allegations from Plaintiffs' Complaint by dismissing count one (1) 42 U.S.C. §1983 – Right to Family (Due Process), count two (2) 42 U.S.C. §1983 – Right to Family (Equal Protection,; and count three (3) 42 U.S.C. §1983 – Conspiracy to Violate Civil Rights against Defendant County of Los Angeles.

Defendant respectfully asks this Court to dismiss counts one (1) through three (3) of Plaintiffs' Complaint because Plaintiffs have not sufficiently pled participation by any County employee and rely on massive, excessive future discovery to remedy this.

## II. DISCUSSION

### A. Plaintiffs Have Not Sufficiently Pled Participation by any County Employee

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

---

[1] All further statutory references are to the Federal Rules of Civil Procedure unless otherwise indicated.

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ibid*.; see *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). In fact, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly, supra*, at p. 555; see also 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The pleading standard of Rule 8 demands more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Papasan, supra*, at p. 286). In other words, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" is insufficient. *Iqbal, supra*, at p. 678; *Twombly, supra*, at pp. 555, 557.

A complaint must contain "sufficient factual matter, accepted as true," to state a claim to relief that is "plausible on its face" in order to survive a motion to dismiss. *Iqbal, supra*, at p. 678; *Twombly, supra*, at p. 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly, supra*, at p. 556. Note that this plausibility standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. In fact, if a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

In *Twombly*, consumers brought putative class action against incumbent local exchange carriers alleging antitrust conspiracy in order to prevent competitive entry into the local telephone and Internet service markets and to avoid

competing with each other in their respective markets. 550 U.S. at p. 557. Consumers' complaint rested on descriptions of parallel conduct and not on any independent allegation of actual agreement among the defendants. The Supreme Court of the United States held that the consumers' allegations of parallel conduct were insufficient to state a claim, and therefore, dismissed the complaint. *Id*. at 545. The Court characterized the complaint as containing merely legal conclusions resting on the prior allegations: "Nothing in the complaint invest[ed] either the action or inaction alleged with a plausible suggestion of conspiracy." *Id*. at 565-566. The Court explained that an allegation of parallel conduct, "even conduct consciously undertaken," is "much like a naked assertion of conspiracy" in an antitrust complaint: "it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Id.* at 557 (citing Cf. *DM Research, Inc. v. College of Am. Pathologists,* 170 F.3d 53, 56 (C.A.1 1999)). The Court further noted that such an allegation "needs some setting suggesting the agreement necessary to make out" an antitrust claim; "without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory." *Id*. The Court emphasized that "the need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.*

Here, Plaintiffs' broad allegations against Defendant County fail to state a claim upon which relief can be granted. For example, Plaintiffs allege the following:

> "Here, just like *Lugar*, private actor Ms. Montgomery engaged the County to seize Jane Doe, by stating an alleged belief that Mark Augustus was a danger to Jane

> Doe. When the DCFS Report came back exonerating Mark Augustus, Ms. Montgomery and County faced the prospect that their plan to take Jane Doe would collapse. This necessitated the escalation of the scheme to fraudulently claim that Plaintiffs were 'on the lam', and 'homeless', and that they had been given notice of the December 11, 2018 hearing."

(Complaint, ¶ 40).

> "Likewise, here Ms. Montgomery jointly participated with County in the unwarranted seizure and taking of Jane Doe and delivering her to Ms. Montgomery."

(Complaint, ¶ 42).

> "Moreover, it is worth emphasizing that here, as in *Lugar,* the private actor's conduct engaging government officials worked to the mutual benefit of both Ms. Montgomery and County. Ms. Montgomery, a lesbian, got the child she had always wanted, while County receives Title IV federal funding based on the need to retain Mr. Spiller's services."

(Complaint, ¶ 44). Plaintiffs do not offer any alleged facts to support their allegations. They only point the finger at Defendant County without any specificity to satisfy the pleading requirement.

Plaintiffs' Complaint fails to meet the *Iqbal/Twombly* pleading standard because it fails to give Defendant County fair notice of what their claims are, who committed such conduct, and the grounds upon which they rest. For instance, in their Opposition, Plaintiffs assert, without more, that "minor child was removed by the County. Discovery will reveal whether it was DCFS, or Sheriffs, or some other County agency or agencies." (Plaintiff's' Opposition, 4:23-25.) The mere fact that some unknown person who may or may not be a County employee may be

responsible for alleged conduct does not entitle Plaintiffs to relief because it only offers "labels and conclusions." *Twombly, supra*, at 555.

Plaintiffs' Complaint should not survive Defendant County's motion to dismiss because it does not contain "sufficient factual matter" and it is implausible on its face. *Iqbal, supra*, at p, 678; *Twombly, supra*, at p. 570. Plaintiffs' Complaint lacks facial plausibility because not only it fails to put Defendant on notice as to what the claims and the grounds upon which they rest are, but it also does not allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly, supra*, at p. 556. Plaintiffs' Complaint accuses Defendant County of wrongdoings that are "merely consistent with a defendant's liability and therefore, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 557.

**1. <u>Plaintiffs Cannot Rely Solely on Burdensome Discovery</u>.**

In their Opposition, Plaintiffs argue that Defendant's assertions are essentially a factual dispute and should be left for discovery. Defendant submitted its Request for Judicial Notice in an attempt to provide any factual anchors to the dispute. (Exhibit A, attached hereto). Plaintiffs allege that "the minor child was removed by County. Discovery will reveal whether it was DCFS or Sheriffs, or some other County agency or agencies." (Plaintiffs' Opposition, 4: 23-25). Then they argue that "discovery will reveal whether it was DCFS, or the Sheriff's department, or some other County agency who carried out the unwanted seizure.[2]" (Plaintiffs' Opposition, 5:1-3). Ignoring that Title IV funding applies to foster children, not applicable in Plaintiffs' Complaint, Plaintiffs then argue "that Title IV

---

[2] Plaintiffs seem to ignore that Defendant County of Los Angeles is the largest County in the nation, employs over 100,000 people and has over 36 departments with different legal obligations and objectives.

funding was received by County will be well-supported by documents obtained in discovery" and that "discovery will reveal how much money County receives through Title IV, what terms and conditions are attached to that money, which individuals and departments are involved, and how that money is ultimately distributed." (Plaintiffs' Opposition, 6:5-7, 7:1-3). Plaintiffs later add that "discovery will reveal how much money, through exactly which department and which individuals." (Plaintiffs' Opposition, 8:27-28). They argue that "discovery will reveal how much County had paid Defendant Spiller to date, the requirements County imposes upon Spiller to continue in their employ, and the details of County's policy and custom under which County agents and their ostensibly private actor accomplices created a false and fraudulent pretext upon which to perpetrate a warrantless seizure of a minor child." (Plaintiffs' Opposition, 9:5-10).

The Supreme Court has held that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual discovery to proceed." *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17 (1983); *see also Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (C.A.7 1984); Memorandum from Paul V. Niemeyer, Chair, Advisory Committee on Civil Rules, to Hon. Anthony J. Scirica, Chair, Committee on Rules of Practice and Procedure (May 11, 1999), 192 F.R.D. 354, 357 (2000) (reporting that discovery accounts for as much as 90 percent of litigation costs when discovery is actively employed).

The practical significance of Rule 8 was reiterated in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005), when the Court explained that "something beyond the mere possibility of loss must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the

settlement value.'" When the allegations in a complaint cannot raise a claim of entitlement to relief, the Court noted, "this deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D.Hawaii 1953); *see also Dura, supra*, at p. 346; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc*., 289 F.Supp.2d 986, 995 (N.D.Ill 2003). The Court continued, "it is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management,' given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." *Twombly, supra,* at p. 559. As to the problem of discovery abuse, the Court noted that "it is self-evident that the problem of discovery abuse cannot be solved by 'careful scrutiny of evidence at the summary judgment stage,' much less 'lucid instructions to juries;' the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings." *Dura, supra,* at p. 347 (quoting *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741 (1975)).

Here, Plaintiffs' Complaint does not and cannot raise a claim of entitlement to relief, give fair notice to Defendant, or provide sufficient factual matter. Accordingly, the Court should take notice of this major deficiency before more time and money are spent by the Court and the parties. The Court has the power to insist upon some specificity in Plaintiffs' Complaint before allowing a massive, expensive, and burdensome factual discovery to proceed. Plaintiffs argue that discovery will produce the information they need in order to submit a sufficient and plausible Complaint. However, as the Supreme Court held in *Twombly*, "it is no answer to say that a claim just shy of a plausible entitlement to relief can be weeded out early in the discovery process." 550 U.S. at 559. Thus, the Court

should dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

**2. Plaintiffs Complaint Does Not Sufficiently Demonstrate a Relationship Between Defendant County and Defendant William Spiller.**

Plaintiffs argue that Defendant County was motivated to conspire with Co-Defendants Montgomery and Spiller because "County receives Title IV funding based on the need to retain Mr. Spiller's services." (Complaint, ¶ 44). To seemingly support their allegation that County "employs" Mr. Spiller, Plaintiffs have requested the Court to take judicial notice of an amended standing order signed by the family law supervising judge which Defendants contend is not applicable. (Plaintiffs' Opposition, Exh. A). However, Plaintiffs' argument fails to consider that even if, *arguendo,* the County provides funding for the assignment of indigent counsel in Family Court, as they suggest, they have not alleged facts to connect or explain this allegation:

> "Acting under color of law, County, Mr. Spiller and Ms. Montgomery concocted, agreed upon, and then successfully executed a scheme to defraud Plaintiffs and to defraud the Superior Court so as to create a false pretext on which to seize Jane Doe and deliver her to Ms. Montgomery. County and Mr. Spiller were monetarily enriched, while Ms. Montgomery got the child she had always wanted."

(Complaint, ¶ 86). Plaintiffs have failed to connect how this allegation enriched the County or that Title IV funding was even implicated in this case. Therefore, not only Plaintiffs have failed to meet the requirements of the joint actor test by failing to establish a meaningful connection between County and Mr. Spiller, they have also failed to meet the *Iqbal/Twombly* pleading standard by failing to plead

sufficient facts showing the slightest meeting of the minds between County and Mr. Spiller.

**B. Plaintiffs Were Entitled to Amend and Did Not**

Plaintiffs repeatedly suggest that they should be given leave to amend. (Plaintiffs' Opposition 5:4-9, 6:3-4, 7:5-6, 9:1-5, 16:8-9). As one example, Plaintiffs propose alternative language in a First Amended Complaint that asserts: "On December 11, 2018, County Sheriff Doe and County DCFS Social Worker Doe and Does 3, 4, and 5 seized Jane Doe." (Plaintiffs' Opposition, 5:9-11).

Pursuant to Rule 15, "a party is entitled to amend the complaint once as a matter of course either within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." (Rule 15(a)(1)(A) and (B)). Plaintiffs have not done so. While Rule 15 allows a party to amend its pleading with the court's leave and requires that the court "freely give leave when justice so requires," based on Plaintiffs' Opposition, Defendant contends that such amendment still would not meet the pleading requirements of Rule 8 because such an amended complaint will lack specificity and plausibility. (Rule 15(a)(2)).

**C. Plaintiffs' Counsel Failed to Meet and Confer Thoroughly**

Local Rule 7-3 requires the parties to "discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Defendant County's counsel made a diligent effort to meet with Plaintiffs' counsel, and in light of the pandemic, at least telephonically. (Exhibits A and B, attached hereto). Plaintiffs' counsel declined to do so, essentially repeating his claims without attempting to limit or resolve issues. Thus, Defendant submitted its RJN to provide additional context and clarity, not in an effort to bypass appropriate

discovery. (Exhibit A, attached hereto). Instead, Plaintiffs' counsel has mischaracterized these intentions as fraudulent misrepresentations[3] to this Court. (Plaintiffs' Opposition, 3:9-11, 12:13-16, 15:6-9). These allegations are misplaced, and sanctions should be denied.

**III. CONCLUSION**

For all the aforementioned reasons, Defendant County of Los Angeles respectfully asks this Court to grant its motion to dismiss for failure to state a claim upon which relief can be granted as to counts one (1) though three (3) of Plaintiffs' Complaint, with prejudice.

DATED: March 12, 2021

Respectfully submitted,

**JOYNT LAW**

*/s/ Karen Joynt*
Karen Joynt
Attorney for Defendant
County of Los Angeles

[3] Plaintiffs have correctly noted that Defendant cited the wrong support in its collateral estoppel argument. (Plaintiffs' Opposition, 9). Defendant mistakenly and unintentionally thought the guardianship proceedings of Plaintiffs' minor child had already concluded and that permanent guardianship had already been awarded. This mistaken and inadvertent conclusion was derived from the transcript excerpts attached to Plaintiffs' Complaint.

# PROOF OF SERVICE

STATE OF CALIFORNIA ] ss.
COUNTY OF LOS ANGELES: ]

I, the undersigned, hereby declare that:

I am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. The business address is **225 S. Lake Ave, Suite 300, Pasadena, CA 91101**.

On March 12, 2021, I served the following document described as: **DEFENDANT COUNTY OF LOS ANGELES' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY'S MOTION TO DISMISS; MEMORANDUM IN SUPPORT** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

METHOD OF SERVICE

[X] [ELECTRONIC]- by transmitting via electronic mail the document(s) listed above to the following e-mail addresses set forth below as registered with the court's case management electronic court filing system.

[] [BY U.S. MAIL]- by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, with the United States Postal Service.

[ ] by placing the sealed envelope or package for collection and mailing, with postage fully prepaid, following our ordinary business practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

I declare that I am a member of the bar of this court or that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 12, 2021 at Los Angeles, California.

**Paniz Hayati Rezvan** ______________________  ***/s/ Paniz Hayati Rezvan*** ______________________

**SERVICE LIST**

G. Scott Sobel
Law Office of G. Scott Sobel
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
Telephone: (310) 422-7067
Fax: (888) 863-5630
Email: gscottsobel@gmail.com

Attorney for Plaintiffs

12
DEFENDANT COUNTY OF LOS ANGELES' REPLY TO
PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY'S MOTION TO DISMISS