# EXHIBIT A

# DECLARATION OF KAREN JOYNT

I, Karen Joynt, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could and would competently testify thereto.

2. I am counsel of record for Defendant County of Los Angeles.

3. I make this declaration in support of the accompanying Memorandum of Points and Authorities in Support of Defendant County of Los Angeles' Reply to Plaintiffs' Opposition to Defendant County's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6).

4. On February 4, 2021, I sent Plaintiffs' counsel a letter inviting him to meet and confer and describing the anticipated issues.

5. On February 8, 2021, Plaintiffs' counsel responded declining to have a meeting and requesting to meet by electronic mail. He asserted his positions.

6. On February 8, 2021, I responded and encouraged Plaintiffs' counsel to share his thoughts and to clarify on what basis he believes Co-Defendant William Spiller to be a County actor. Plaintiffs' counsel responded by alleging "that Co-Defendant Spiller is paid by County of Los Angeles, and that he acts according to the policy and custom of the County of Los Angeles" and that if this was incorrect, "Mr. Spiller is also sued in his individual capacity."

7. In an effort to continue to resolve this issue, I sent counsel another letter on February 10, 2021. I asked again to meet beyond electronic mail stating "You have asked that we meet and confer by electronic mail. I remain optimistic that a telephone conference could assist both parties in focusing the issues. I invite you to meet and confer on February 16 at 4:00pm."

8. Plaintiffs' counsel responded on February 12, 2021, repeating his assertions, declining to meet further and asserting that I had exceeded my obligations under Rule 7-3.

EXHIBIT A IN SUPPORT OF DEFENDANT'S REPLY
DECLARATION OF KAREN JOYNT

9.  In an attempt to provide some context and clarity alleged facts, and definitely not in an effort to bypass appropriate discovery procedures, I submitted a Request for Judicial Notice as part of our motion to dismiss.

10. Attached hereto and labeled **Exhibit B** are true and correct copies of related correspondence.

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 12, 2021 at Los Angeles, California

/s/ Karen Joynt

_____
Karen Joynt

# EXHIBIT B



February 4, 2021

VIA Electronic Mail
G. Scott Sobel, Esq.,
Law Office of G. Scott Sobel
1180 S. Beverly Drive, Suite 610
Los Angeles, CA 90035
gscottsobel@gmail.com

      Re:    *Donecia Augustus, et al. v. County of Los Angeles, et al.*
              U.S.D.C. Case No. 20-cv-11255

Dear Mr. Sobel:

    I hope this letter finds you well. I represent Defendant County of Los Angeles in the above-entitled matter. This letter serves to initiate the meet and confer process pursuant to Local Rule 7-3. This letter is sent as our good faith attempt to resolve issues as to your claims without need for a motion to dismiss pursuant to FRCP 12(b)(6) or alternatively, FRCP 12(e.)

### Summary of Plaintiff's Complaint

    The causes of action against Defendant County of Los Angeles are: 42 U.S.C. § 1983 Due Process (count 1), 42 U.S.C. § 1983 Equal Protection (count 2), and 42 U.S.C. § 1983 Conspiracy to Violate Civil Rights (count 3). Other causes of action will not be addressed herein.

    Mrs. Donecia Augustus and Mr. Mark Augustus (collectively referred to as "Plaintiffs") allege that on December 11, 2018, their due process rights were violated when a judge ordered their child to be given over to a temporary guardian after evidence of Mr. Augustus' exoneration of abuse was deliberately withheld from the court.

### Legal Discussion

### Pleading Standard in Federal Court

    In evaluating a Federal Rule of Procedure ("FRCP") 12(b)(6) motion to dismiss for failure to state a claim, a court must only consider the complaint, the exhibits attached thereof, matters of public record, and indisputably authentic documents if the complainant's claims are based

_____

upon those documents.  *PBGC v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993).

FRCP 12(b)(6) provides that a motion to dismiss a complaint may be filed for "failure to state a claim upon which relief can be granted."  Such a motion is granted where a plaintiff fails to plead a cognizable legal theory or fails to plead sufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  In other words, the complaint must contain facts enough to raise the right to relief "above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court of the United States held that while the pleading standard in a complaint does not require "detailed factual allegations," it nonetheless requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  The Court added that a pleading that only offers "labels and conclusions or a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" does not meet the requirements of Rule 8.  *Id*.  Note that the notion that a court must accept all allegations contained in a complaint as true does not apply to legal conclusions.  *Id*.  Further, for a complaint to survive a motion to dismiss, it must state a plausible claim for relief.  *Id*. at 670.  When the plaintiff pleads factual content that permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct, then the claim can be said to have facial plausibility.  *Id*. at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*.  Therefore, this plausibility standard is distinct from a probability requirement in that "it asks for more than a sheer possibility" that a defendant has committed an alleged misconduct.  *Id*.  In sum, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**The first, second, and third causes of action fail to state a claim and are so vague and ambiguous that Defendant County cannot reasonably prepare a response.**

To begin, Plaintiffs' allegations against the County are vague and uncertain.  You do not identify any specific County Department, policy, or employee whom you claim participated or is liable for alleged violations.

Plaintiffs complain, without specificity, that the "County was willing to assist [Ms. Montgomery] in defrauding the legal process to seize" the minor because the "County receives Title IV federal funding."  And then, that "according to the County's policy and custom, Mr. Spiller proceeded to falsely state that Plaintiffs had been homeless."  Then, that Ms. Montgomery's conduct of "engaging County officials" via false allegations constituted a "joint action" for §1983 purposes.  Based on this case alone, you also allege that the County has "practices, customs, and/or procedures, whether or not promulgated in written form…permitting false and fraudulent representations to be made to a Court of law as a pretext for seizing children, so as to obtain federal funds under Title IV."  These are unsupported and wholly conclusory claims without any specific allegations about how they assert an

unconstitutional violation occurred.  Similarly, you provide no allegations to support your claim that the County is motivated to by racial discrimination or that the three defendants conspired.  Without more, these claims fail.

Next, Defendant County of Los Angeles in not the employer of any of the named defendants in this action, including Ms. Montgomery and Mr. Spiller.  Knowing this, Plaintiffs attempt to connect the defendants through the "joint action test." This is misplaced.  The joint action test requires that the party "is a willful participant in joint activity." *Lugar,* at 941.  You have not and cannot allege facts to demonstrate the "County" and Co-Defendants have either this intent or this relationship.

Next, a *Monell* cause of action, if this is your intention, is appropriate when an expressly adopted or widespread unconstitutional practice or policy exists that causes a deprivation of Plaintiffs' rights.  Plaintiffs have made no specific allegations to support this.  Accordingly, this fails.

Last, Plaintiffs make several false and baseless claims throughout the Complaint which are in conflict with the evidence provided in the exhibits attached to your Complaint.  These include, without limitation: 1) Plaintiffs' claim that DCFS's investigation into allegations of sexual abuse of the minor exonerated Mr. Augustus, (Complaint, ¶ 27), when in fact, according to your supporting documents, the DCFS investigation of the allegation of sexual abuse was deemed "inconclusive," rather than "unfounded." (Exhibit C to Complaint, p. 17); 2) Plaintiffs wrongfully claim that information was deliberately withheld from the court while Ms. Montgomery and Mr. Spiller had the result of the DCFS investigation.  (Complaint, ¶¶ 57, 61, 62, 63); 3) Plaintiffs' Complaint incorrectly states that "prior to the seizure and removal" of the minor on December 11, 2018 (Complaint, ¶ 5), "Defendants, Donecia and Mark Augustus raised, nurtured, provided guidance, and cared for the minor," (Complaint, ¶¶ 19, 20), when in fact your exhibits demonstrate that the minor had been living with her aunt since June 2018.  (Exhibit B to Complaint, p. 12); 4) Based on the exhibits to Plaintiffs' Complaint, Plaintiffs did have notice of the October 30, 2018 hearing.  (Exhibit B to Complaint, p. 9), it appears that Plaintiffs were served with declarations via FedEx.  *Id*; and 5) The court had all the information it needed, including the DCFS report and the court investigator report, to make its decision in awarding permanent guardianship of the minor to Ms. Montgomery on May 13, 2019.  (Exhibit E to Complaint, pp. 34-35).  Significantly, the court carefully considered minor's lack of trust towards Plaintiffs, the minor's desire to stay with her aunt, have her aunt be her guardian and not return to Plaintiffs even if the allegations against Mr. Augustus were not true.  (Exhibit E to Complaint, p. 35).

I propose we meet and confer on February 10, 2021.  I can be available anytime that day.  If this is not convenient for you, please provide some alternatives.  I look forward to meeting with you and working with you in the future.

_____

Warm Regards,

/s/ *Karen Joynt*
_____

Karen Joynt

_____

225 S. Lake Ave., Suite 300, Pasadena, CA 91101



February 10, 2021

VIA Electronic Mail
G. Scott Sobel, Esq.
Law Office of G. Scott Sobel
1180 S. Beverly Drive, Suite 610
Los Angeles, CA 90035
gscottsobel@gmail.com

   Re: *Donecia Augustus, et al. v. County of Los Angeles, et al.*
     U.S.D.C. Case No. 20-cv-11255

Dear Mr. Sobel:

  This letter serves to follow up to my letter dated February 4, and our email exchange since then.

  After further investigation, I continue to believe that your claims against the County are based on a misunderstanding of the roles of the County and the Los Angeles Superior Court.  I have confirmed that Mr. Spiller is not an employee of the County of Los Angeles.  (You are also able to confirm this by a quick review of the State Bar website.)  I am informed and believe that Mr. Spiller is a member of the Probate Volunteer Panel ("PVP".)  The County of Los Angeles is not a party to the selection or appointment of these attorneys.  There is more information about this program on the Superior Court's website at www.lacourt.org/division/probate/PR0076.asp.

  Next, the County had no role in the placement of the minor.  From the public record, it appears that the minor resided with Ms. Montgomery beginning in June 2018, prior to any court intervention.  Thereafter, temporary placement of the minor occurred subsequent to a petition filed by Ms. Montgomery on October 23, 2018 and ordered by the Honorable Judge May on December 11, 2018.  From my review of the public record, no County employees (or contractors) were involved in this hearing.

  Last, it appears that you are challenging the rulings made by Judge May and Judge Small.  As mentioned above, these decisions did not involve County employees.  To the extent you claim the County injured Plaintiffs by or related to these rulings, we will also move to dismiss under a theory of collateral estoppel.  Collateral estoppel "precludes relitigation of issues argued and

_____

decided in prior proceedings." *Diruzza v. City of Tehama* 323 F.3d 1147, 1152 (9th Cir.). Collateral estoppel applies if 1) the issue necessarily decided at a previous proceeding is identical to that which is sought to be relitigated; 2) the issues was actually litigated and decided; 3) the previous trial resulted in a final judgment on the merits; and 4) the party against who collateral estoppel is asserted was a party or in privity with a party at the prior trial. *McCutchen v. City of Montclair,* 73 Cal.App.4th 1138; *Lockett v. Ericson* 656 F.3d 892.  These factors apply to Plaintiffs and the allegations in your current suit.  As such, we assert that relitigation is precluded.

You have asked that we meet and confer by electronic mail.  I remain optimistic that a telephone conference could assist both parties in focusing the issues.  I invite you to meet and confer on February 16 at 4:00pm.  If you decline, please share your thoughts and positions in writing at your earliest convenience.

Warm Regards,

/s/ *Karen Joynt*
_____
Karen Joynt

_____

225 S. Lake Ave., Suite 300, Pasadena, CA 91101



## Donecia Augustus v. County of Los Angeles, et al

**Karen Joynt** <kjoynt@joyntlaw.com>

> From: **G. Scott Sobel** <gscottsobel@gmail.com>
> Date: Fri, Feb 12, 2021 at 1:54 PM
> Subject: Re: Donecia Augustus v. County of Los Angeles, et al
> To: Karen Joynt <kjoynt@joyntlaw.com>
>
> Dear Ms. Joynt,
>
> I acknowledge your letter dated February 10, 2021. You indicate that "after further investigation," County contends that "it had no role" in the warrantless removal of the minor child, that County does not pay William Spiller, that the minor already lived with Montgomery, and more. As you know, our contentions are set forth in the Complaint (Doc. #1).
>
> Clearly, these are all factual, not legal, disputes. Thus they are not the proper subject of a Motion to Dismiss. Resolving these sorts of factual disputes are exactly why we conduct discovery and have jury trials. My suggestion is that you incorporate your client's factual contentions into an Answer.
>
> You are mistaken in asserting that we challenge an order made in the Superior Court. Please review the Prayer for Relief, which does not seek to overturn any order. While we challenge the constitutionality of the notice requirements in a particular statute, that challenge is directed (properly) to the State, not the County. The result of this issue will have no impact on the pending State case, and vice versa.
>
> For these reasons, I remain unpersuaded that your proposed Motion to Dismiss would be brought in good faith. Without doubt you have met and now *exceeded* your L.R. 7-3 duties.
>
> Scott
>
> G. Scott Sobel, Esq.
> Law Office of G. Scott Sobel
> 1180 S. Beverly Drive, Suite 610
> Los Angeles, CA 90035-1158
> (310) 422-7067 (phone)
> (888) 863-5630 (fax)
> GScottSobel@gmail.com
>
> This message and any attachments may be confidential & privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify me and delete this message and any attachments. Do not copy or distribute this message/attachment or disclose the contents to any other person.
>
> On Wed, Feb 10, 2021 at 7:11 PM Karen Joynt <kjoynt@joyntlaw.com> wrote:
>
>> Good Evening,
>>
>> Please see enclosed letter pertaining to our meet and confer about Defendant County's intended Motion to Dismiss.
>>
>> I look forward to discussing with you.

On Mon, Feb 8, 2021 at 9:09 PM G. Scott Sobel <gscottsobel@gmail.com> wrote:

> Dear Ms. Joynt,
>
> We believe, and on that basis allege, that Defendant Spiller is minor's counsel, that he is paid by County of Los Angeles, and that he acts according to the policy and custom of the County of Los Angeles. To the extent those beliefs are correct, Mr. Spiller will be held as a "State Actor" for civil rights purposes. To the extent those beliefs may not be correct, Mr. Spiller is also sued in his individual capacity.
>
> Whether you consider Mr. Spiller to be an "employee," an "independent contractor" or something else is not known to us. Perhaps you could enlighten us as to the County's position on the matter?
>
> Scott
>
> G. Scott Sobel, Esq.
> Law Office of G. Scott Sobel
> 1180 S. Beverly Drive, Suite 610
> Los Angeles, CA 90035-1158
> (310) 422-7067 (phone)
> (888) 863-5630 (fax)
> GScottSobel@gmail.com
>
> This message and any attachments may be confidential & privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify me and delete this message and any attachments. Do not copy or distribute this message/attachment or disclose the contents to any other person.
>
>
> On Mon, Feb 8, 2021 at 2:35 PM Karen Joynt <kjoynt@joyntlaw.com> wrote:
>
>> Hello Mr. Sobel,
>>
>> Thank you for your email.  Would you mind clarifying something?  You refer to Mr. Spiller as a County actor.  Do you agree that he is not a County employee?  If so, under can you clarify on what basis you believe him to be a County actor?   This question is not asked to bicker, but in a genuine attempt to limit or eliminate areas of dispute.  Please share your thoughts on this.
>>
>> On Mon, Feb 8, 2021 at 2:28 PM G. Scott Sobel <gscottsobel@gmail.com> wrote:
>>
>>> Dear Ms. Joynt,
>>>
>>>
>>> While L.R. 7-3 indicates that meet-and-confer dialogs are "preferably in person," I propose that we agree to conduct them by email.
>>>
>>>
>>> In response to your points, I'm not persuaded that your proposed 12(b)(6) motion would be brought in good faith. You begin by mischaracterizing that Plaintiffs allege that "their due process rights were violated when a judge ordered..." With due respect, the judge is not your client, and the judge's order - erroneous though it may be - is not the issue here.
>>>
>>>
>>> The problem is that County of Los Angeles has a policy and custom by which (1) falsehoods are presented in court, so that (2) unwarranted seizures make take place, so that (3) County may enrich itself and its agents by obtaining federal funding under Title IV. The carrying out of that policy has injured plaintiffs severely.
>>>
>>>
>>> Our view is that the causes of action are sufficiently pleaded. Obviously one County actor - Defendant William Spiller Jr. - is identified with particularly. As to identifying the "specific policy" or the "specific department" responsible, that is simply not the sort of specificity contemplated under the *Twombly / Iqbal* pleading standard.

While you are correct that a federal pleading must rise above "speculation," this is far more than speculation. The mere fact that Mr. Spiller lied to the Court (which we can prove), to obtain "the body" (his term), is more than sufficient to reach the "plausibility" standard and overcome your motion.

Discovery may reveal further names and documents, if necessary. But frankly, we would be confident to present this case to a jury *tomorrow,* based simply on what we already know, and present in the Complaint.

Thus, we ask that you forego a motion to dismiss, and instead answer the complaint. However, if you are not agreeable, then you may consider Rule 7-3 satisfied, and feel free to file your motion.

Scott

G. Scott Sobel, Esq.
Law Office of G. Scott Sobel
1180 S. Beverly Drive, Suite 610
Los Angeles, CA 90035-1158
(310) 422-7067 (phone)
(888) 863-5630 (fax)
GScottSobel@gmail.com

This message and any attachments may be confidential & privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify me and delete this message and any attachments. Do not copy or distribute this message/attachment or disclose the contents to any other person.

On Thu, Feb 4, 2021 at 5:40 PM Karen Joynt <kjoynt@joyntlaw.com> wrote:
> Good Afternoon,
>
> Please see Defendant County of Los Angeles's enclosed letter initiating the meet and confer process pursuant to Local Rule 7-3.
>
> Please let me know a convenient time to meet to discuss.
>
> Thank you,
>
> Karen
>
> --
> *Karen C. Joynt*
> Attorney
> Joynt Law
> 225 S. Lake Ave., Suite #300
> Pasadena, CA 91101

--
*Karen C. Joynt*
Attorney
Joynt Law
225 S. Lake Ave., Suite #300
Pasadena, CA 91101

--
*Karen C. Joynt*